PER CURIAM.
Michael Delprete pled no contest to March 2001 charges of trafficking in oxy-codone and unlawfully filling a prescription. With respect to the trafficking charge, Delprete was sentenced to fifteen years incarceration with a three-year mandatory minimum. On appeal, as he did below, Delprete contends that the imposition of the three-year mandatory minimum for the 2001 trafficking offense is unconstitutional because (1) the 1999 legislation authorizing the mandatory minimum[1] violated the single subject rule and (2) any retroactive application of the 2002 legislative re-enactment of the mandatory minimum [2] violates the ex post facto clause. In Hernandez-Molina v. State, 860 So.2d 483 (Fla. 4th DCA 2003)(en banc), decided subsequent to the filing of Delprete’s initial brief, this court held that the legislation authorizing the mandatory minimum was not enacted in violation of the single subject rule. See also Pitts v. State, 855 So.2d 681 (Fla. 1st DCA 2003); State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA), review granted, 854 So.2d 659 (Fla.2003). Thus, we affirm Delprete’s sentence. As we did in Hernandez-Molina, however, we certify conflict with the Second District’s decision in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002).
STONE, STEVENSON and HAZOURI, JJ., concur.

. See Ch. 99-188, § 9, at 1058, Laws of Fla.

. See Ch. 02-212, §§ 1, 4, at 1454-60, 1499, Laws of Fla.